UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE-LAMAR REYNOLDS,

    Petitioner,                           Case No. 18-cv-13237
                                                   Hon. Matthew F. Leitman

v.

JOSEPH BARRETT,

    Respondent,
_____/

**<u>ORDER (1) GRANTING IN PART MOTION TO HOLD PETITION FOR
WRIT OF HABEAS CORPUS IN ABEYANCE (ECF #3), (2) DENYING
MOTION FOR THE APPOINTMENT OF COUNSEL (ECF #4), AND (3)
ADMINISTRATIVELY CLOSING CASE</u>**

Petitioner Robert Lee-Lamar Reynolds is a state prisoner in the custody of the Michigan Department of Corrections. On October 16, 2018, Reynolds filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* ECF #1.) As Reynolds acknowledges, the petition contains several unexhausted claims. Reynolds has therefore filed a motion to hold his petition in abeyance while he returns to state court and (1) exhausts his appeals of the state-court's denial of his motion for relief from judgment and (2) exhausts his appeals, if necessary, with respect to a state-court habeas petition that he has filed. (*See* ECF #3.) Reynolds has also filed a motion requesting the appointment of counsel. (*See* ECF #4.)

A state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). To avoid problems with the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1), a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber,* 544 U.S. 269, 278 (2005). After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275-76. The Court concludes that such a stay is warranted here.

Accordingly, **IT IS HEREBY ORDERED** that Reynolds' request to hold his habeas petition in abeyance while he pursues state remedies for his unexhausted claims (ECF #3) is **GRANTED**. This stay is conditioned upon (1) Reynolds filing a timely application for leave to appeal the state trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals, and, if necessary, a timely application for leave to appeal in the Michigan Supreme Court, and (2) Reynolds filing timely appeals in the Michigan Court of Appeals and Michigan Supreme Court (in the manner provided under Michigan law), if necessary, of any denial of his state court habeas petition. The stay is further conditioned on Reynolds' return to this Court, with a motion to re-open and amend his petition, using the same caption and

2

case number included at the top of this Order, within **60 days** of fully exhausting his state court remedies. *See*, *e.g.*, *Wagner v. Smith* 581 F.3d 410, 411 (6th Cir. 2009) (discussing similar procedure). If Reynolds fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition and/or rule only on his currently-exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that Reynolds' motion for the appointment of counsel (ECF #4) is **DENIED WITHOUT PREJUDICE** because his claims are not fully exhausted and because the Court is not persuaded that counsel is necessary or appropriate at this time. *See e.g Villeneuve v. Romanowski,* 2015 WL 4429733, at *5 (E.D. Mich. July 20, 2015) (citing *Dupree v. Jones*, 281 F. App'x. 559, 561 (7th Cir. 2008)).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall close this case for administrative purposes only. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Kennard's claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

                                         s/Matthew F. Leitman
                                         MATTHEW F. LEITMAN
                                         UNITED STATES DISTRICT JUDGE

Dated: October 30, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 30, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764