UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE-LAMAR REYNOLDS,

    Petitioner,                                      Civil No. 18-cv-13237
                                                Hon. Matthew F. Leitman

v.

MELINDA BRAMAN,

    Respondent,
_____/

**ORDER (1) DENYING RESPONDENT'S MOTION TO DISMISS (ECF No. 15), (2) COMPELLING ANSWER ADDRESSING PETITION'S MERITS, AND (3) DENYING PETITIONER'S MOTION TO DISMISS RESPONDENT'S ANSWER (ECF No. 27)**

Petitioner Robert Lee-Lamar Reynolds is a state prisoner in the custody of the Michigan Department of Corrections. On October 16, 2018, Reynolds filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2244. (*See* Pet., ECF No. 1.) Respondent has now moved to dismiss the petition on the ground that it is barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). (*See* Mot., ECF No. 15.) Respondent's argument that the petition is time-barred rests, in large part, upon Respondent's contention that Reynolds's untimely filing of an Application for Leave to Appeal in the Michigan Court of Appeals did not toll the time by which Reynolds needed to file a federal habeas petition. That argument may be correct. But Respondent's motion does not account for – indeed, does not even

mention – the fact that Reynolds also filed a petition for a writ of habeas corpus in state court in May of 2018.  There may be a viable argument that the filing of the state habeas petition tolled the limitations period for this federal habeas action. *See Jenkins v. Tribley,* 2012 WL 995394, at ** 3-4 (E.D. Mich. Mar. 22, 2012) (state habeas petition can toll the limitations period pursuant to Section 2244(d)(2), at least where the petitioner alleged a jurisdictional defect); *Zonge v. Mills*, 36 F. App'x 764, 766 (6th Cir. 2002) (involving state habeas petition filed under Tennessee law); *but see Powell v. McKee*, 2011 WL 1344581, at *4 (E.D. Mich. Apr. 8, 2011) (state habeas petition does not toll the period of limitations under 28 U.S.C. § 2244(d)(2)); *Northrop v. Wolfenbarger*, 2008 WL 564941, at *2 (E.D. Mich. Feb. 28, 2008) (same).

Because Respondent did not address the impact of the state habeas petition on the tolling of the statute of limitations in this action, the Court declines to dismiss Reynolds's federal habeas petition as time-barred at this point.  The Court directs Respondent to answer the petition on the merits.  Respondent may re-assert its limitations arguments in her merits answer.  If Respondent re-asserts its limitations arguments in her merits answer, she shall address the tolling impact, if any, of the state habeas petition.

Accordingly, the Court **ORDERS** that Respondent's motion to dismiss (ECF No. 15) is **DENIED.**

The Court further **ORDERS** Respondent to submit an answer addressing the merits of Reynolds's habeas claims and any Rule 5 materials that have not already been submitted to the Court within **SIXTY (60) DAYS** of this order. Respondent is free to raise any additional statute of limitations arguments in that answer.

Reynolds shall have **FORTY-FIVE (45) DAYS** following receipt of the answer to file a reply brief.

Reynolds's motion to dismiss Respondent's answer (ECF No. 27) is **DENIED.**

**IT IS SO ORDERED**.

                                                s/Matthew F. Leitman  
                                                MATTHEW F. LEITMAN  
                                                UNITED STATES DISTRICT JUDGE  
Dated: June 22, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 22, 2020, by electronic means and/or ordinary mail.

                                                s/ Holly A. Monda  
                                                Case Manager  
                                                (810) 341-9764