UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE-LAMAR REYNOLDS,

    Petitioner,

v.

                                      Case No. 18-cv-13237
                                      Hon. Matthew F. Leitman

MELINDA BRAMAN,

    Respondent,

_____/

**ORDER (1) CONSTRUING REQUEST FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL (ECF No. 36) AS A TIMELY FILED NOTICE OF APPEAL AND (2) DIRECTING THE CLERK OF THE COURT TO TRANSFER ACTION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Petitioner Robert Lee-Lamar Reynolds is a state prisoner in the custody of the Michigan Department of Corrections. On November 4, 2020, the Court denied Reynolds' petition for a writ of habeas corpus, denied Reynolds a certificate of appealability, and granted Reynolds leave to appeal *in forma pauperis*. (*See* Op. and Order, ECF No. 34.)

Reynolds had thirty days to file an appeal of that ruling. *See* Fed. R. App. P. 4 (a)(1) (stating that a notice of appeal must be filed within thirty days of the entry of the judgment or order from which the appeal is taken). Within that thirty-day time period, Reynolds filed a request for an extension of time to file his notice of appeal. (*See* Req., ECF No. 36.) Reynolds explained that due to the ongoing

1

COVID-19 pandemic, he had limited access to his prison's law library and therefore needed additional time to complete his appellate filings. (*See id.*)

A motion for an extension of time that is filed within the time period for filing a notice of appeal can be construed as a notice of appeal where it specifies the party taking the appeal and the judgment being appealed. *See United States v. Gulley*, 29 F. App'x. 228, 230 n.1 (6th Cir. 2002) (concluding that defendant's motion for extension of time to file an appeal could be "treated as the functional equivalent of a notice of appeal"); *See also United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977) (explaining that "where a document is filed within the [deadline] which represents a clear assertion of an intent to appeal, courts of appeals have the power to overlook irregularities where fairness and justice so require"). The Court concludes that Reynolds' request for an extension of time to file a notice of appeal should be construed as a timely filed notice of appeal because it "represents a clear assertion of [Reynolds'] intent to appeal" *id.*, and it contains the essential information needed to process the appeal.

Accordingly, for the reasons stated above, the Court **CONSTRUES** Reynolds' request for an extension of time as a timely filed notice of appeal. To the extent that the request seeks additional time to file a notice of appeal, that request is **DENIED AS MOOT**. *See Steele v. Supreme Court of U.S.,* 255 F. App'x. 534 (C.A.D.C. 2007) ("As appellant's notice of appeal was timely, appellant's request

for an extension of time to appeal was moot"). The Court further **ORDERS** the Clerk of the Court to transfer this action to the United States Court of Appeals for the Sixth Circuit.

    **IT IS SO ORDERED**.

Dated: December 2, 2020

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 2, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764